## McCORMICK et al. v. FIDELITY DEPOSIT CO. OF MARYLAND.

No. 18757. Opinion Filed Dec. 4, 1928.

122

J. E. Burns and O. O. Jenkins, for plaintiffs in error.

Winger, Reeder, Barker, Gumbiner & Hazard and Maris & Maris, for defendant in error.

LESTER, J. The parties to this action occupy the reverse position to that in the district court, and they will be referred to as they appeared there.

The plaintiff brought suit against R. J. McCormick and V. O. McCormick. Plaintiff in its petition alleged that the defendants were principals upon a certain contractors' bond, and that the plaintiff was surety thereon; that said bond ran in favor of the Riverton, Kan., school district No. 5; that the said defendants failed to perform the conditions of said bond, and that the plaintiff was compelled to pay, under the terms of said bond, the sum of $2,677.11.

R. J. McCormick, one of the defendants, filed his separate answer, which consisted of a general denial of all the material allegations contained in plaintiff's petition.

No service of summons was had upon the defendant V. O. McCormick.

Upon trial of the cause in the district court judgment was rendered in favor of the plaintiff. Thereafter the defendant, R. J. McCormick, filed a motion for new trial, which motion was by the court overruled. and defendant, R. J. McCormick, prosecutes an appeal to this court for the purpose of reversing the judgment theretofore entered in the court below.

It appears from the petition and record that R. J. McCormick, for and on behalf of the R. J. McCormick Construction Company, filed an application with the plaintiff for the purpose of having the plaintiff become surety on a certain bond to be executed by the defendants to the Riverton school district No. 5 of Riverton, Kan. Said R. J. McCormick in said application represented that he and V. O. McCormick were partners under the name of R. J. McCormick Construction Company. Said R. J. McCormick also signed and filed a financial statement with the plaintiff in which he represented that he had $4,000 in cash in the Oklahoma State Bank; that he owned real estate valued at $7,500; plant consisting of shop and planing mills valued at $1,500; that his total liabilities amounted to $1,000. This statement related to the financial condition of R. J. McCormick as of the 30th of October, 1922.

The bond was signed, "R. J. McCormick Construction Company (Seal) and V. O. McCormick (Seal)." The exact date on which the bond was delivered to the obligee is not shown.

The defendant, R. J. McCormick, contends in this court that the petition did not specifically state and allege that he was a co-partner with V. O. McCormick, and that the court committed error in rendering judgment in said cause on account of the insufficiency of plaintiff's petition.

No motion was filed by the defendant, R. J. McCormick, to make the petition of the plaintiff more definite and certain, but, on the other hand, the defendant, R. J. McCormick, contented himself by filing a general denial to the material allegations contained in plaintiff's petition. The petition as filed by the plaintiff was entitled, "Fidelity Deposit Company, a Corporation, vs. R. J. McCormick and V. O. McCormick, Copartners Doing Business as R. J. McCormick Construction Company." The petition filed by the plaintiff in the district court was crudely drawn. No motion was filed by the defendants to compel its reformation. As heretofore stated, the defendant, R. J. McCormick, filed a general denial of all the material allegations contained in the plaintiff's petition. When the cause came on for trial the defendant, R. J. McCormick, objected to the introduction of any of the evidence for the reason that the plaintiff's petition did not state a cause of action. This objection was by the court overruled.

Plaintiff's petition, when considered in its

entirety, together with the exhibits thereto attached, presents an allegation of partnership and a joint obligation thereunder. It is definite and certain from the record that R. J. McCormick, in a written statement addressed to the plaintiff, represented himself to be a partner with V. O. McCormick, and that this statement was made for the purpose of procuring the plaintiff to become surety on a bond with the defendants, R. J. McCormick and V. O. McCormick.

In the instant case the following sections fix the liability of the defendant, R. J. McCormick:

Sections 8128, C. O. S. 1921, which provides:

"Any one permitting himself to be represented as a partner, general or special, is liable as such to third persons to whom such representation is communicated, who on the faith thereof give credit to the partnership."

And section 8129, C. O. S. 1921, which provides:

"No one is liable as a partner who is not such in fact, except as provided by the last section."

We fail to find from the record any substantial error committed in the trial of said cause which would justify this court in reversing the judgment below, and, therefore, the judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, HUNT, and HEFNER, JJ., concur.